[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 6 June 1996 Date of Application 6 June 1996 Date Application Filed 6 June 1996 Date of Decision 28 January 1997
Application for review of sentence imposed by the Superior Court for the Judicial District of Ansonia/Milford at Derby. Docket No. MV95-270766.
Susan Brown, Esq., for the Petitioner.
Francis J. McQuade, Esq., for the State of Connecticut.
BY THE DIVISION
The petitioner submitted a plea of Nolo Contendre to the crime of Manslaughter in the second degree with a motor vehicle in violation of Conn. Gen. Stat. 53a-56b. At the time of sentencing the court imposed a sentence of ten years to serve, the maximum penalty allowed by statute for the crime.
The facts show that the petitioner admitted to killing a thirteen year old boy with a motor vehicle that the petitioner was driving while severely intoxicated. The blood alcohol level CT Page 1345 was .371. Further the record shows that the petitioner left the scene of the accident and that the petitioner's license to operate a motor vehicle was under suspension at the time of the accident.
The counsel for the petitioner, at the hearing, emphasized that the petitioner cooperated with the police and the victim's family at all times. He also pled to the charge thereby avoiding a costly trial. She noted, that contrary to the pre-sentence investigation report the petitioner has shown remorse and that the actions of the petitioner in plea bargaining this case was solely to spare the victim's family further anguish. Counsel noted that the petitioner had no record of violence and that his previous driving under the influence arrest was five years prior to the present incident. Counsel felt that the maximum sentence was exceptionally harsh and way above the norm for such sentences for similar crimes. Counsel asked this panel to impose a sentence of less than the five years that was originally offered.
Petitioner when he addressed the panel and stated that he has learned his lesson and if a lesser sentence is imposed he now understands how to avoid accidents like this tragic one.
The attorney for the state noted it was the state's intention all along to ask the court for the maximum sentence allowed under the penalty provisions of the statute. Counsel felt that the legislators should increase the maximum sentence under the law as he felt the ten year maximum was insufficient for such a horrendous crime. He noted that the record shows that the petitioner voluntarily drank himself into the condition of being severely intoxicated. The attorney urged the panel to look at the facts of this case and affirm the sentence the court imposed. He felt it was fair for the facts of this crime.
In reviewing the sentence imposed by the court we note that the ten year sentence represents the maximum allowed by the penalty provisions of the statute. Here the voluntary acts of the petitioner of imbibing alcohol were of such an extreme callousness that a young life of a thirteen year old child was taken needlessly and tragically. In looking at the transcript the court took into consideration all of the factors necessary to satisfy the requirements of P.B. 942. In imposing the maximum the court has the duty and lawful right to impose the maximum in cases it feels merits such a result. Here clearly the court was moved by the age of the victim and the deep and never ending loss CT Page 1346 suffered by the victim parents. The Division agrees with the sentencing court and finds that the sentence was neither disproportionate nor unfair, pursuant to the standard of Practice Book 942. The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, Purtill and Klaczak, J.'s participated in this decision.